**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FRANKLIN ORTEGA TROCHEZ,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11823 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Franklin Ortega Trochez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Honduras. (*Id.* ¶ 4). He entered the United States on or about July 3, 2014. (ECF No. 6-1 at 1). He was issued a Notice to Appear and was released on his own recognizance on July 20, 2014. (ECF No. 6-2 at 2).

3. Petitioner was detained by ICE on September 9, 2026. (*Id.*)

4. This Petition followed on September 11, 2026, arguing that Petitioner was being unlawfully detained without a bond hearing pursuant to 8 U.S.C. § 1225. (ECF No. 1 at 29-31).

5. On September 15, 2026, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that that Petitioner could be released on $10,000 bond. (ECF No. 6-4 at 1). Petitioner declined to request a review of that determination by an immigration judge. (*Id.*)

6. Respondents filed an answer on September 17, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 6 at 1).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

10. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554

(quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

11. Here, Petitioner received an initial custody determination on September 15, 2026 that permitted his release on bond. (ECF No. 6-4). Petitioner declined to appeal that decision to an immigration judge. (*Id.*)

12. Petitioner has received the process to which he was entitled pursuant to § 1226(a).[1] Accordingly, the Petition will be dismissed without prejudice.

13. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 24, 2026

[1] Petitioner did not file a reply arguing that the delay in making the initial custody determination violated his due process rights.